# Exhibit 1

# Exhibit 1

F I L E D
Electronically
CV20-01679
2020-10-20 11:16:15 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 8124040 : csulezic

**CODE: $1422**
D. Stan Barnhill, Esq. (VSBN 22978)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011
(540) 983-7667
barnhill@woodsrogers.com
(*Application for Pro Hac Vice forthcoming*)

Matthew C. Addison, Esq. (NSBN 4201)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
maddison@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Plaintiff*
*Canyon Flats III, LLC*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR WASHOE COUNTY

* * *

| | |
|---|---|
| CANYON FLATS III, LLC, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | |
| SPIRE CONSTRUCTION, LLC, | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**Exempt from Arbitration (N.A.R. 3 – Declaratory Relief)**

Plaintiff Canyon Flats III, LLC ("Canyon Flats") files this Complaint for Declaratory Judgment against Defendant Spire Construction, LLC ("Spire"), and in support thereof complains and alleges as follows:

**PARTIES**

1. Canyon Flats is a Nevada limited liability company with its principal place of business in Roanoke, Virginia.

2. Spire is a Florida limited liability company with its principal place of business in Fort Myers, Florida, and conducts business as a licensed contractor in Washoe County, Nevada.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court pursuant to NRS 13.010 and NRS 108.2453 because this action arises out of a contract for the construction of a work of improvement located in Washoe County, Nevada.

## GENERAL ALLEGATIONS

4. Canyon Flats is the owner of property located at 661 North Center Street, Reno, Nevada. Canyon Flats is developing on the property a 158-unit, student housing facility to serve the residential needs of 508 university students in addition to providing these students a number of on-site amenities (the "Project").

5. By written contract dated December 20, 2018, Spire agreed to act as the general contractor for the construction of the Project for a contract price of $37,000,000.00 (the "Contract").

6. By agreement of the parties, Section 4.5 of the Contract includes a liquidated damages provision that reads as follows:

> Substantial Completion of the Work within the Contract Time is material consideration of this Agreement. Determination of the Owner's damages for delay is difficult and uncertain; the parties have agreed, however, that the sum of $100 per day for each leased bedroom for which the Contractor cannot achieve Substantial Completion within the Contract Time (the "Liquidated Damages") is a reasonable estimate of the Owner's damages for delay. The Contractor shall pay the Liquidated Damages to the Owner as liquidated damages and not as a penalty in the event that the Contractor does not achieve Substantial Completion of the Work sufficient for beneficial occupancy of living units with the Contract Time, as amended by written Change Order or equitably adjusted by resolution of Claims under Article 15 of the General Conditions. The Liquidated Damages are the Owner's sole and exclusive remedy for delay in completion of the work. Notwithstanding any other provisions of this Agreement, the total Liquidated Damages paid by the Contractor to the Owner as damages for delay shall not exceed Five Hundred Thousand Dollars ($500,000.00). Notwithstanding any other provision of this Agreement, liquidated damages shall not begin to accrue for any leased bedroom that the tenant is able to occupy at least seven (7) days before classes are scheduled to start.

///

7. Section 3.3.1 of the Contract stipulated that the work was to be completed within 578 calendar days of the date of commencement of the Work, subject to a right to time extension if permitted under the Contract Documents.

8. Under Section 3.1 of the Contract, the "date of commencement" of the Contract was its date of execution, December 21, 2018. Thus, under the Contract, Spire was to achieve Substantial Completion by July 21, 2020. This Substantial Completion Date was earlier than the start of the liquidated damage period, contractually defined as August 17, 2020, seven days before university classes were scheduled to start for the 2020 academic year.

9. Nothing during the Project entitled Spire to any time extensions per the Contract. As late as January of 2020, Spire was representing to Canyon Flats that it would achieve Substantial Completion of the Project by July 20, 2020, or one day before the defined Substantial Completion Date.

10. Spire, however, without due cause failed to complete the Project by the Substantial Completion Date. In fact, Spire has still not completed the Project, and in its last schedule update, Spire indicated that it would not achieve Substantial Completion before November 5, 2020. Prior unmet promises regarding the schedule has Canyon Flats skeptical of Spire's latest representation regarding when Substantial Completion and beneficial occupancy will occur.

11. Upon information and belief, the same endemic poor performance and delays have been occurring at another student housing project that Spire has been simultaneously constructing in Auburn, Alabama.

12. Due to Spire's delay on the Project, Canyon Flats has incurred damages in excess of the Contract's Liquidated Damages cap of $500,000.00 ($50,600.00 a day for 506 leased beds still unavailable over 45 days from the start of liquidated damage assessment). Canyon Flats is therefore entitled to $500,000.00 in Liquidated Damages, which amount is less than the actual damages Canyon Flats has incurred because of the Spire-caused delay.

13. Under the terms of the Contract, Spire can assert no valid claim for additional time to deny Canyon Flats its right to $500,000.00 in Liquidated Damages.

///

14. The parties agreed in Section 15.1.1 of the "General Conditions," incorporated by reference in the Contract, that Canyon Flats' right to impose Liquidated Damages was not controlled by the claims and disputes provisions in the Contract. Thus Canyon Flats may seek the declaratory judgment in this action without first exhausting any of the dispute resolution procedures set forth in the Contract.

15. Under NRS 108.2453(2), Canyon Flats is entitled to bring this action in this Court regardless of any provision in the Contract that calls for such action to be brought in another state.

16. Accordingly, pursuant to NRS Chapter 30, Canyon Flats seeks a judgment of this Court declaring (a) that the Contract's Liquidated Damage provision can be enforced against Spire and (b) that Canyon Flats is entitled to offset the retainage or other amounts that will be due Spire upon final completion of the Project by the $500,000.00 in Liquidated Damages stipulated in the Contract.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment)**

17. Canyon Flats incorporates the allegations contained in the preceding and following paragraphs as if set forth verbatim herein.

18. A true and justiciable controversy exists between Canyon Flats and Spire as to their respective rights under the Contract, as described herein, including whether Canyon Flats is entitled to $500,000.000 in Liquidated Damages as a result of Spire's failure to timely achieve completion of the work.

19. Canyon Flats has a protectable interest in the controversy, which interest is adverse to the interests of Spire.

20. Pursuant to NRS 30.040(1), Canyon Flats is entitled to a judicial determination and declaration of the rights, status, and legal relations at issue in this matter concerning Canyon Flats' entitlement to Liquidated Damages.

21. It has been necessary for Canyon Flats to retain attorneys to bring this Complaint. Accordingly, Canyon Flats is entitled to recover its reasonable attorney fees and costs incurred herein.

WHEREFORE, Plaintiff Canyon Flats III, LLC, requests relief as follows:

1. For judgment in favor of Canyon Flats and against Spire declaring that (a) the Liquidated Damages provision set forth in the Contract is valid and enforceable and (b) Canyon Flats is entitled to apply the full amount of Liquidated Damages ($500,000.00) as contemplated in the Contract against the retainage or other amounts that would otherwise be due Spire upon completion of the Project;

2. For an award of Canyon Flats' costs, disbursements, and attorneys' fees incurred in this action; and

3. For such other and further relief as the Court may deem just and proper.

*The undersigned does hereby affirm that the foregoing document does not contain the social security number of any person.*

DATED this 20th day of October, 2020.

WOODS ROGERS PLC

*/s/ Chelsea Latino*
D. Stan Barnhill, Esq. (VSBN 22978)
10 South Jefferson Street, Suite 1400
Roanoke, VA  24011
(540) 983-7667
barnhill@woodsrogers.com
(*Application for Pro Hac Vice forthcoming*)

Matthew C. Addison, Esq. (NSBN 4201)
Chelsea Latino, Esq. (NSBN 14227)
McDonald Carano LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
maddison@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Plaintiff Canyon Flats III, LLC*

4836-2748-3598, v. 1

Page 5 of 5

Code:   4090

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

<u>CANYON FLATS III, LLC,</u>

    Plaintiff /Petitioner /Joint Petitioner,

Case. No. CV20-01679

vs.

Dept. No. 1

<u>SPIRE CONSTRUCTION, LLC,</u>

    Defendant / Respondent / Joint Petitioner.

<u>                                                          </u>/

<u>SUMMONS</u>

**TO THE DEFENDANT: YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND IN WRITING</u> WITHIN 21 DAYS.  READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition).  When service is by publication, add a brief statement of the object of the action.

The object of this action is:                                           .

1. If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this <u>20TH</u> day of <u>OCTOBER</u>, 20<u>20</u>.

Issued on behalf of Plaintiff(s):

Name: <u>Matthew C. Addison</u>
Address: <u>100 W. Liberty Str.,</u>
<u>10th Floor, Reno, NV  89501</u>
Court Phone Number: (775) 788-2000
Email: <u>maddison@mcdonaldcarano.com</u>

JACQUELINE BRYANT
CLERK OF THE COURT
By: <u>/S/YVILORIA</u>
    Deputy Clerk
Second Judicial District
75 Court Street
Reno, Nevada 89501

---

1

REV 2/2019 JDB                                                                                          SUMMONS

F I L E D
Electronically
CV20-01679
2020-10-20 01:58:51 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 8124608 : yviloria

**CODE:** 3975
D. Stan Barnhill, Esq. (VSBN 22978)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011
(540) 983-7667
barnhill@woodsrogers.com
(*Application for Pro Hac Vice forthcoming*)

Matthew C. Addison, Esq. (NSBN 4201)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
maddison@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Plaintiff*
*Canyon Flats III, LLC*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR WASHOE COUNTY

* * *

| | |
|---|---|
| CANYON FLATS III, LLC, | CASE NO.: CV20 - 01679 |
| Plaintiff, | DEPT. NO.:  1 |
| vs. | |
| SPIRE CONSTRUCTION, LLC, | |
| Defendant. | |

**PLAINTIFF'S NRCP 7.1 DISCLOSURE STATEMENT**

Pursuant to NRCP 7.1, Plaintiff Canyon Flats III, LLC ("Canyon Flats") discloses that it is wholly owned by Canyon Flats II, LLC, which is wholly owned by Canyon Flats, LLC, and no publicly held entity owns 10% or more of Canyon Flats.

/ / /

/ / /

/ / /

/ / /

1     *The undersigned does hereby affirm that the foregoing document does not contain the*
2     *social security number of any person.*
3     DATED this 20th day of October, 2020.

                      WOODS ROGERS PLC

                      */s/ Chelsea Latino*
                      D. Stan Barnhill, Esq. (VSBN 22978)
                      10 South Jefferson Street, Suite 1400
                      Roanoke, VA 24011
                      (540) 983-7667
                      barnhill@woodsrogers.com
                      (*Application for Pro Hac Vice forthcoming*)

                      Matthew C. Addison, Esq. (NSBN 4201)
                      Chelsea Latino, Esq. (NSBN 14227)
                      McDonald Carano LLP
                      100 West Liberty Street, 10th Floor
                      Reno, NV 89501
                      (775) 788-2000
                      maddison@mcdonaldcarano.com
                      clatino@mcdonaldcarano.com

                      *Attorneys for Plaintiff Canyon Flats III, LLC*

4852-7866-3118, v. 1

**CODE: 4285**
D. Stan Barnhill, Esq. (VSBN 22978)
Woods Rogers PLC
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011
(540) 983-7667
barnhill@woodsrogers.com
(*Application for Pro Hac Vice forthcoming*)

Matthew C. Addison, Esq. (NSBN 4201)
Chelsea Latino, Esq. (NSBN 14227)
McDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000
maddison@mcdonaldcarano.com
clatino@mcdonaldcarano.com

*Attorneys for Plaintiff*
*Canyon Flats III, LLC*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR WASHOE COUNTY

\* \* \*

| | |
|---|---|
| CANYON FLATS III, LLC, | CASE NO.: CV20-01679 |
| Plaintiff, | DEPT. NO.: 15 |
| vs. | |
| SPIRE CONSTRUCTION, LLC, | |
| Defendant. | |

**WAIVER OF SERVICE OF SUMMONS**

To:   Canyon Flats III, LLC and its counsel of record

I have received your request to waive service of a summons in this action along with a copy of the Summons, Complaint for Declaratory Judgment, Plaintiff's NRCP 7.1 Disclosure Statement, two copies of this Waiver of Service of Summons, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

Page 1 of 2

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from October 22, 2020, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

*The undersigned does hereby affirm that the foregoing document does not contain the social security number of any person.*

DATED this 23rd day of October, 2020.

HOY CHRISSINGER KIMMEL VALLAS

_____
Theodore E. Chrissinger, Esq. (NSBN 9528)
50 W. Liberty Street, Suite 840
Reno, NV 89501
(775) 786-8000
tchrissinger@nevadalaw.com
*Attorneys for Defendant*
*Spire Construction, LLC*

Page 2 of 2